HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RANDALL CASHATT, BRANDON KENDALL, DAVID HODEL, CHAD PRENTICE, BETH JOSWICK, and JEFFREY HEATH, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br>v.<br><br>FORD MOTOR COMPANY,<br><br>Defendant. | Case No. 3:19-cv-05886<br><br>ORDER |

## I.   INTRODUCTION

This matter comes before the Court on Defendant's motion to strike class allegations in Plaintiffs' Second Amended Complaint. Dkt. # 42. Having considered the parties' briefing, the record, and relevant case law, the Court finds that oral argument is unnecessary. For the reasons below, the motion is **GRANTED**.

## II.   BACKGROUND

Plaintiffs are law enforcement officers who were issued Ford Explorer Interceptors as their regular patrol vehicles ("Plaintiffs"). Dkt. # 38 ¶ 15. They allege that Defendant Ford Motor Company ("Defendant") violated Washington state's product liability statute

ORDER – 1

("WPLA") by designing, engineering, and manufacturing 2011-2018 Ford Interceptor SUVs with design flaws or defective systems that leaked exhaust fumes, including carbon monoxide, into the passenger compartments of the vehicles. *Id.* ¶ 31. Plaintiffs allege that they were proximately harmed by these defects and that Defendant knew or should have known of the defects. *Id.* ¶ 42, 46. In their Second Amended Complaint, Plaintiffs seek to bring a class action against Defendant on behalf of all Washington State Troopers who were injured as a result of carbon monoxide exposure while operating or riding in a 2011-2018 Ford Interceptor SUV while employed by the Washington State Patrol. *Id.* ¶ 1, 15.

On February 5, 2020, Defendant moved the Court to strike class allegations in the Amended Complaint, Dkt. # 22, and to dismiss for failure to state a claim, Dkt. # 23. The Court granted the motions but permitted Plaintiffs to amend their complaint, providing them "one chance to sharpen their class definition and allegations." Dkt. # 35 at 13. Plaintiffs subsequently filed a second amended complaint. Dkt. # 38. On June 29, 2020, Defendant filed the pending motion to strike class allegations. Dkt. # 42.

### III. LEGAL STANDARD

Under Rule 12(f) of the Federal Rules of Civil Procedure, a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." As noted in this Court's prior order, a court may strike class allegations if the plaintiff "[can]not make a prima facie showing of Rule 23's prerequisites or that discovery measures [are] 'likely to produce persuasive information substantiating the class action allegations.'" *Id.* (quoting *Doninger v. Pac. Nw. Bell, Inc.*, 564 F.2d 1304, 1313 (9th Cir. 1977)). Courts in this circuit have cut off class actions when little-to-no discovery had taken place. *See, e.g., Stearns v. Select Comfort Retail Corp.*, 763 F. Supp. 2d 1128, 1139 (N.D. Cal. 2010); *Phenylpropanolamine (PPA) Prod. Liab. Litig.*, 208 F.R.D. 625, 633, 634 (W.D. Wash. 2002). A class action must satisfy the following prerequisites of Fed. R. Civ. P. 23: (1) the class is so numerous that

ORDER – 2

joinder of all members is impracticable; (2) questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a). A plaintiff seeking to certify a class for money damages must show that "questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3).

### IV.     ANALYSIS

In its prior order, the Court identified problems with the commonality and predominance prerequisite of Rule 23 with respect to Plaintiffs' product liability claim. Dkt. # 35. To satisfy the "common question of law or fact" requirement under Rule 23(a)(2), members of the class must assert a common contention "that must be of such a nature that it is capable of classwide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011). The "predominance inquiry tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation." *Tyson Foods, Inc. v. Bouaphakeo*, 136 S. Ct. 1036, 1045 (2016) (quoting *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 623 (1997)). When considering whether common issues predominate, the court must evaluate "the elements of the underlying cause of action." *Erica P. John Fund, Inc. v. Halliburton Co.*, 563 U.S. 804, 809 (2011).

As noted in the Court's prior order, courts have struck class allegations at the pleading stage where an element to the plaintiff's claims inherently involves individualized inquiries. *See, e.g., Stearns*, 763 F. Supp. 2d at 1152-53 (individualized questions about causation and reliance made class action unfeasible); *Sanders v. Apple Inc.*, 672 F. Supp. 2d 978, 991 (N.D. Cal. 2009) (fraud claim would require

ORDER – 3

individualized inquiries into reliance).  Products liability cases present special difficulties for commonality and predominance.  *Zinser v. Accufix Research Inst., Inc.*, 253 F.3d 1180, 1186 (9th Cir. 2001).  Specifically, variation in causation is particularly challenging in products liability class actions, and many courts have declined certification on this basis.  *See, e.g., id.* at 1189 (finding lack of commonality due to causation and choice of law issues); *In re PPA*, 208 F.R.D. at 633, 634 (granting motion to strike class allegations in products liability case).

In their second amended complaint, Plaintiffs attempt to remedy their overly broad proposed class as identified by the Court.  Dkt. # 38 ¶ 74.  Plaintiffs narrowed the proposed class from "law enforcement officers in Washington State who are/were required to operate the Ford Explorer vehicles as part of their work assignments," Dkt. # 21 ¶ 14, to "[a]ll law Washington State Patrol employees in the State of Washington who drove or rode in a Class Vehicle and were injured from carbon monoxide between September 2010 and present date." Dkt. # 38 ¶ 74.  Plaintiffs assert that class members are identifiable as each one "is an employee of the Washington State Patrol who reported a carbon monoxide exposure injury after operating in or riding in a class vehicle."  *Id.*

Under the statute, "[a] product manufacturer is subject to liability to a claimant if the claimant's harm was proximately caused by the negligence of the manufacturer in that the product was not reasonably safe as designed or not reasonably safe because adequate warnings or instructions were not provided." RCW 7.72.030(1).  As the Court noted in its prior order, even if Plaintiffs established that all 2011-2018 Ford Explorers used by police have the design flaw, "there would still be the further issue of whether the flaw manifested to a meaningful degree in each vehicle and whether there would be alternate causes of the leak." Dkt. # 35 at 12.  The inquiry into causation under RCW 7.72.030 would require an individual analysis with respect to each patrol officer and his or her vehicle.  Plaintiffs' second amended complaint fails to adequately address this matter, and these individualized factual determinations prevail.

ORDER – 4

1  In its prior order, the Court also found that problems arise from the breadth of Plaintiffs' class based on the variety of distinct injuries ranging from minor "foggy headed[ness]" to "heart attack like symptom" to "chronic carbon monoxide poisoning." *Id.* Plaintiffs' second amended complaint fails to adequately remedy this issue as well. Indeed, Plaintiffs similarly allege varied injuries, including Plaintiffs who became "sick, disorganized, foggy headed" and "suffered medical illnesses; heart attack like symptoms, chronic carbon monoxide poisoning, acute carbon monoxide poisoning, fatigue, nausea and other disabling injury." Dkt. # 38 ¶ 92.

Furthermore, Defendant argues that Plaintiffs' new proposed class definition creates an impermissible "fail-safe" class. Dkt. # 42 at 11. A "fail-safe" class is one in which membership is tied to the ultimate question of liability. *Tidenberg v. Bidz.com*, No. CV 08-5553 PSG FMOX, 2010 WL 135580, at *3 (C.D. Cal. Jan. 7, 2010). As this Court has noted, "[f]ail-safe classes are impermissible because they make it impossible for a defendant to prevail against the class." *Boucher v. First Am. Title Ins. Co.,* No. C10-199RAJ, 2012 WL 3023316, at *4 (W.D. Wash. July 24, 2012). Plaintiffs argue that the proposed class is not an impermissible fail-safe class because each proposed class member "has a documented exposure to carbon monoxide that has been recorded utilizing the Washington State Patrol system." Dkt. # 47 at 6-7. The Court is not persuaded.

Plaintiffs' revised class definition expressly includes all "Washington State Patrol employees in the State of Washington who drove or rode in a Class Vehicle and *were injured* from carbon monoxide between September 2010 and present date." Dkt. # 38 ¶ 74 (emphasis added). Exposure to carbon monoxide does not necessarily result in injury. As Defendant correctly points out, the two cannot be conflated. Dkt. # 50 at 7. Moreover, if exposure to carbon monoxide were a defining characteristic of the class, then the proposed class would be unascertainable. It would include individuals who were exposed to carbon monoxide but did not suffer an injury; such individuals would not have

ORDER – 5

standing to allege a product liability claim against Defendant. Assuming, *arguendo*, that the class is comprised of individuals who have been "injured" from carbon dioxide, the class would fall into the category of an impermissible fail-safe class. This is because injury and causation are elements that must be established and which go to the question of liability; they are therefore not appropriate as part of the definition of the class.

Finally, Plaintiffs' claim that other jurisdictions have recognized these types of claims against Defendant to be valid class action cases is unavailing. *See* Dkt. # 47. In fact, none of the cases cited by Plaintiffs stand for this proposition because they involved a proposed economic loss class, not a personal injury class, or they were dismissed or settled prior to class certification. *See e.g.* Dkt. # 50 at 5-6.

Because Plaintiffs have failed to remedy the deficiencies previously identified by the Court in their proposed class allegations, the Court need not address other arguments raised. The Court concludes that Plaintiffs' WPLA claim is unsuitable for class certification. Plaintiffs' WPLA claim on behalf of the named Plaintiffs as set forth in Plaintiffs' Second Amended Complaint is unaffected by this ruling. Dkt. # 38.

## V.   CONCLUSION

For foregoing reasons, Defendant's motion to strike class allegations in Plaintiffs' Second Amended Complaint is **GRANTED**. Dkt. # 42.

DATED this 24th day of March, 2021.

*Richard A. Jones*

The Honorable Richard A. Jones
United States District Judge

ORDER – 6