UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RANDALL CASHATT, et al., <br><br> Plaintiffs, <br> v. <br><br> FORD MOTOR COMPANY, <br><br> Defendant. | CASE NO. 19-CV-05886-LK <br><br> ORDER GRANTING LEAVE TO FILE THIRD AMENDED COMPLAINT |

Before the Court is Defendant's Motion to Dismiss Plaintiff Jeffrey Heath, Plaintiffs' Cross Motion to Amend Complaint, and the parties' responses and replies to these motions. *See* Dkt. Nos. 57, 63, 64, 65, 66. Defendant does not oppose Plaintiffs' motion. Dkt. No. 66. The Court GRANTS Plaintiffs leave to file a third amended complaint within 30 days. Defendant's motion is accordingly DENIED as moot. *See* Dkt. No. 65 at 4.

The Court cautions Plaintiffs that it expects strict adherence to the Local Rules, the Federal Rules of Civil Procedure, and all deadlines. The deadline for Plaintiffs' third amended complaint was May 15, 2021. *See* docket entry dated 4/28/2021 (the "Scheduling Order"); Dkt.

ORDER GRANTING LEAVE TO FILE THIRD AMENDED COMPLAINT - 1

1  No. 65 at 2. It was not until June 21, 2021, that Plaintiffs moved to amend their complaint,
2  relying heavily on Federal Rule of Civil Procedure 15(a). Dkt. No. 63 at 2–3.
3         The applicable standard here, however, is not limited to Rule 15(a), but implicates Rule
4  16(b), because Plaintiffs' motion to amend came after the deadline provided by the Scheduling
5  Order. *See Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000); *Johnson v.*
6  *Mammoth Recreations, Inc.*, 975 F.2d 604, 607–608 (9th Cir. 1992); *see also S&W Enters.,*
7  *L.L.C. v. SouthTrust Bank of Alabama, NA*, 315 F.3d 533, 535–36 & n.1 (5th Cir. 2003)
8  (agreeing with the First, Second, Eighth, Ninth and Eleventh Circuits that Rule 16(b) trumps
9  Rule 15(a) when a motion to amend comes after the deadline set forth in a scheduling order).
10 Under Rule 16(b), a party must show good cause for not having amended its complaint before
11 the time specified in the scheduling order expired. Fed. R. Civ. P. 16(b)(4); *Coleman*, 232 F.3d at
12 1294. "Unlike Rule 15(a)'s liberal amendment policy which focuses on the bad faith of the party
13 seeking to interpose an amendment and the prejudice to the opposing party, Rule 16(b)'s 'good
14 cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson*,
15 975 F.2d at 609. "Although the existence or degree of prejudice to the party opposing the
16 modification might supply additional reasons to deny a motion, the focus of the inquiry is upon
17 the moving party's reasons for seeking modification," and "carelessness is not compatible with a
18 finding of diligence"; "[i]f that party was not diligent, the inquiry should end." *Id.*
19        Here, Plaintiffs have been anything but diligent. Despite ample opportunity to amend and
20 repeated reminders from opposing counsel, Plaintiffs missed the Court's deadline. *See* Dkt. No.
21 65 at 1–2. Such carelessness would typically doom Plaintiffs' request. *See, e.g., Zivkovic v. So.*
22 *Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002). Next time, the Court will not be so
23 forgiving. Plaintiffs shall file a third amended complaint no later than March 7, 2022.
24

ORDER GRANTING LEAVE TO FILE THIRD AMENDED COMPLAINT - 2

Dated this 7th day of February, 2022.

*Lauren King*
Lauren King
United States District Judge

ORDER GRANTING LEAVE TO FILE THIRD AMENDED COMPLAINT - 3