THE HONORABLE TIFFANY M. CARTWRIGHT

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| RANDALL CASHATT, BRANDON KENDALL, DAVID HODEL, CHAD PRENTICE, BETH JOSWICK, JEFFREY HEATH, individually,<br><br>Plaintiffs,<br><br>v.<br><br>FORD MOTOR COMPANY,<br><br>Defendant. | Case No.: 3:19-cv-05886-TMC<br><br>ORDER GRANTING DEFENDANT FORD MOTOR COMPANY'S MOTION FOR PROTECTIVE ORDER REGARDING THE HANDLING OF CONFIDENTIAL DOCUMENTS<br><br>JURY TRIAL DEMANDED |

This matter came before this Court on Defendant Ford Motor Company's Motion for Protective Order Regarding the Handling of Confidential Documents. The Court having reviewed and considered the files and pleadings in this case, including the following:

    1.    Defendant Ford Motor Company's Motion for Protective Order Regarding the Handling of Confidential Documents;

    2.    Plaintiffs' Response to Defendant Ford Motor Company's Motion for Protective Order Regarding the Handling of Confidential Documents, if any;

ORDER GRANTING DEFENDANT FORD MOTOR COMPANY'S MOTION FOR PROTECTIVE ORDER REGARDING THE HANDLING OF CONFIDENTIAL DOCUMENTS (Case No.: 3:19-cv-05886-TMC) - 1

STOKES LAWRENCE, P.S.
1420 FIFTH AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-2393
(206) 626-6000

3.      Defendant Ford Motor Company's Reply in Support of its Motion for Protective Order Regarding the Handling of Confidential Documents, if any; and

4.      ACCORDINGLY, the Court GRANTS Defendant Ford Motor Company's Motion for Protective Order Regarding the Handling of Confidential Documents as follows:

1. <u>PURPOSES AND LIMITATIONS</u>

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this agreement is consistent with LCR 26(c). It does not confer blanket protection on all disclosures or responses to discovery, the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles, and it does not presumptively entitle parties to file confidential information under seal.

2. <u>"CONFIDENTIAL" MATERIAL</u>

"Confidential" material shall include the following documents and tangible things produced or otherwise exchanged: (1) formulas or trade secrets; (2) confidential business or financial information; (3) non-public, proprietary, commercially sensitive information; and (4) personal and private information regarding owners and lessees of Ford vehicles (including current and former street addresses for natural persons, Social Security numbers, telephone numbers, email addresses, dates of birth, driver's license numbers, account numbers, maiden names, and passwords).

As used in this Order, the term "documents" means all written material, electronic data, videotapes and all other tangible items, produced in whatever format (e.g., hard copy, electronic,

ORDER GRANTING DEFENDANT FORD MOTOR COMPANY'S MOTION FOR PROTECTIVE ORDER REGARDING THE HANDLING OF CONFIDENTIAL DOCUMENTS (Case No.: 3:19-cv-05886-TMC) - 2

**STOKES LAWRENCE, P.S.**
1420 FIFTH AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-2393
(206) 626-6000

digital, etc.) and on whatever media (e.g., hard copy, videotape, computer diskette, CD-ROM, DVD, by secure electronic transmission, hard drive or otherwise). It is the intent of the parties that information will not be designated as confidential without a good faith belief that it has been maintained in a confidential, non-public manner.

3. SCOPE

The protections conferred by this agreement cover not only confidential material (as defined above), but also (1) any information copied or extracted from confidential material; (2) all copies, excerpts, summaries, or compilations of confidential material; and (3) any testimony, conversations, or presentations by parties or their counsel that might reveal confidential material.

However, the protections conferred by this agreement do not cover (1) information that is in the public domain or becomes part of the public domain through trial or otherwise; and (1) any information known to the receiving party prior to the disclosure of obtained by the receiving party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the designating party. Finally, any use of confidential material at trial shall be governed by a separate agreement or order.

4. ACCESS TO AND USE OF CONFIDENTIAL MATERIAL

4.1 Basic Principles. A receiving party may use confidential material that is disclosed or produced by another party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Confidential material may be disclosed only to the categories of persons and under the conditions described in this agreement. Confidential material must be stored and maintained by a receiving party at a location and in a secure manner that ensures that access is limited to the persons authorized under this agreement. However, nothing in this Order shall limit a party's use or disclosure of its own information designated as confidential.

4.2 Disclosure of "Confidential" Information or Items. Unless otherwise ordered by the

ORDER GRANTING DEFENDANT FORD MOTOR COMPANY'S MOTION FOR PROTECTIVE ORDER REGARDING THE HANDLING OF CONFIDENTIAL DOCUMENTS (Case No.: 3:19-cv-05886-TMC) - 3

**STOKES LAWRENCE, P.S.**
1420 FIFTH AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-2393
(206) 626-6000

Court or permitted in writing by the designating party, a receiving party may disclose any confidential material only to:

        (a)    the parties, including members of the in-house legal departments for the parties or their parents or affiliates, including their paralegals, investigative, technical, secretarial, and clerical personnel assisting them in litigation;

        (b)    the receiving party's counsel of record in this action, as well as employees of counsel to whom it is reasonably necessary to disclose the information for this litigation, including their partners, members, associates, attorneys, paralegals, investigative, technical, secretarial, and clerical personnel assisting them in this litigation;

        (c)    the officers, directors, and employees (including in house counsel) of the receiving party to whom disclosure is reasonably necessary for this litigation;

        (d)    experts and consultants to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), provided that in the event Plaintiffs contemplate retaining the services of any expert or consultant who is currently retained by a competitor of Ford, the parties meet and confer before any confidential materials are shared with him/her;

        (e)    the Court, court personnel, and court reporters and their staff, including any court reporter or videographer reporting a deposition;

        (f)    copy or imaging services retained by counsel to assist in the duplication of confidential material, provided that counsel for the party retaining the copy or imaging service instructs the service not to disclose any confidential material to third parties and to immediately return all originals and copies of any confidential material, and other persons providing litigation support services, including translators, photocopying, data processing and hosting, document review, and graphic production;

        (g)    witnesses or potential witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound"

ORDER GRANTING DEFENDANT FORD MOTOR COMPANY'S MOTION FOR PROTECTIVE ORDER REGARDING THE HANDLING OF CONFIDENTIAL DOCUMENTS (Case No.: 3:19-cv-05886-TMC) - 4

STOKES LAWRENCE, P.S.
1420 FIFTH AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-2393
(206) 626-6000

(Exhibit A), unless otherwise agreed by the designating party or ordered by the Court. Pages of transcribed deposition testimony or exhibits to depositions that reveal confidential material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this agreement;

        (h)    mediators or settlement officer, and their supporting personnel, hired or appointed to address any issue(s) in the litigation;

        (i)    the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

        (j)    professional jury or trial consultants and professional vendors to whom disclosures is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

        (k)    other persons by written agreement of the parties.

Stipulation to and entry of this Protective Order does not prohibit a party from seeking entry of a separate order, if warranted, governing documents identified and designated as Highly Confidential, which would be disclosed only to persons described in paragraphs 4.2(b), (c), (d), (f), (i), and (j) and members of the in-house legal departments for the parties to this litigation or their parents or affiliates, including their paralegals, investigative, technical, secretarial, and clerical personnel who are engage in assisting them in this litigation.

    4.3    <u>Filing Confidential Material</u>. Before filing confidential material or discussing or referencing such material in Court filings, the filing party shall confer with the designating party, in accordance with Local Civil Rule 5(g)(3)(A), to determine whether the designating party will remove the confidential designation, whether the document can be redacted, or whether a motion to seal or stipulation and proposed order is warranted. During the meet and confer process, the designating party must identify the basis for sealing the specific confidential information at issue, and the filing party shall include this basis in its motion to seal, along with any objection to sealing the information at issue. Local Civil Rule 5(g) sets forth the procedures that must be followed and

ORDER GRANTING DEFENDANT FORD MOTOR COMPANY'S MOTION FOR PROTECTIVE ORDER REGARDING THE HANDLING OF CONFIDENTIAL DOCUMENTS (Case No.: 3:19-cv-05886-TMC) - 5

the standards that will be applied when a party seeks permission from the Court to file material under seal. A party who seeks to maintain the confidentiality of its information must satisfy the requirements of Local Civil Rule 5(g)(3)(B), even if it is not the party filing the motion to seal. Failure to satisfy this requirement will result in the motion to seal being denied, in accordance with the strong presumption of public access to the Court's files.

4.4 This Order shall not be construed to prohibit Ford's disclosure or production of safety-related information to a regulator agency or governmental entity with an interest in safety-related information. Such disclosure shall be made pursuant to 49 CFR 512 or similar applicable rules.

4.5 To the extent that confidential material is used in the taking of depositions, such documents or information shall remain subject to the provisions of this Order, along with the transcript pages of the deposition testimony dealing with, referring to or referencing the confidential material.

4.6 Any court reporter or transcriber who reports or transcribes deposition testimony in this action shall agree that all confidential material under this Order shall remain confidential and shall not be disclosed by them, except pursuant to the terms of this Order, and that any notes or transcriptions of such testimony (and any accompanying exhibits) will be retained by the reporter or delivered to the counsel of record.

4.7 In the case of depositions or other pre-trial testimony, designation of the portion of the transcript (including exhibits) which contains confidential material shall be made (i) by a statement to such effect on the record during the proceeding in which the testimony is received, or (ii) by written notice served on counsel of record int his litigation within thirty (30) days after the receipt of the draft transcript of such proceeding (as used herein, the term "draft transcript" does not include an ASCII or rough transcript). However, before such thirty (30) day period expires, all testimony, exhibits and transcripts of depositions or other testimony shall be treated as confidential material. All portions of deposition transcripts not designated confidential shall be deemed not

ORDER GRANTING DEFENDANT FORD MOTOR COMPANY'S MOTION
FOR PROTECTIVE ORDER REGARDING THE HANDLING OF
CONFIDENTIAL DOCUMENTS (Case No.: 3:19-cv-05886-TMC) - 6

STOKES LAWRENCE, P.S.
1420 FIFTH AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-2393
(206) 626-6000

confidential.

    4.8    Personally Identifying Information ("PII") of Ford customers contained in documents produced by Ford shall be treated as "Confidential" as outlined in this Order. The parties continue to meet and confer regarding the use of PII contained in responsive documents to contact absent class members prior to the Court determining whether a class can be certified, whether any limitations should apply to any such communications, and whether any disclosures should be made in connection with any such communications.

## 5. DESIGNATING CONFIDENTIAL MATERIAL

    5.1    <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each party or non-party that designates information or items for protection under this agreement must take care to limit any such designation to specific material that qualifies under the appropriate standards. The designating party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this agreement.

    Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber or delay the case development process or to impose unnecessary expenses and burdens on other parties) expose the designating party to sanctions.

    If it comes to a designating party's attention that information or items that it designated for protection do not qualify for protection, the designating party must promptly notify all other parties that it is withdrawing the mistaken designation.

ORDER GRANTING DEFENDANT FORD MOTOR COMPANY'S MOTION FOR PROTECTIVE ORDER REGARDING THE HANDLING OF CONFIDENTIAL DOCUMENTS (Case No.: 3:19-cv-05886-TMC) - 7

**STOKES LAWRENCE, P.S.**
1420 FIFTH AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-2393
(206) 626-6000

5.2     Manner and Timing of Designations. Except as otherwise provided in this agreement (see, *e.g.*, second paragraph of section 5.2(b) below), or as otherwise stipulated or ordered, disclosure or discovery material that qualifies for protection under this agreement must be clearly so designated before or when the material is disclosed or produced.

(a)     Information in documentary form: (*e.g.*, paper or electronic documents and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings), the designating party must affix the word "Confidential" or "Subject to Protective Order" to each page that contains confidential material. If only a portion or portions of the material on a page qualifies for protection, the producing party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

(b)     Testimony given in deposition or in other pretrial proceedings: the parties and any participating non-parties must identify on the record, during the deposition or other pretrial proceeding, all protected testimony, without prejudice to their right to so designate other testimony after reviewing the transcript. Any party or non-party may, within thirty days after receiving the transcript of the deposition or other pretrial proceeding, designate portions of the transcript, or exhibits thereto, as confidential. Entire deposition transcripts should rarely, if ever, be designated as confidential. Any party who fails to designate a deposition transcript, designate portions of the transcript, or exhibits thereto, as confidential within thirty days after receipt has waived its ability to do so.

If a party or non-party desires to protect confidential material at trial, the issue should be addressed during the pre-trial conference.

(c)     Other tangible items: the producing party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the word "Confidential." If only a portion or portions of the information or item warrant protection, the producing party, to the extent practicable, shall identify the protected portion(s).

5.3     Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to

ORDER GRANTING DEFENDANT FORD MOTOR COMPANY'S MOTION
FOR PROTECTIVE ORDER REGARDING THE HANDLING OF
CONFIDENTIAL DOCUMENTS (Case No.: 3:19-cv-05886-TMC)  - 8

STOKES LAWRENCE, P.S.
1420 FIFTH AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-2393
(206) 626-6000

designate qualified information or items does not, standing alone, waive the designating party's right to secure protection under this agreement for such material. Upon timely correction of a designation, the receiving party must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this agreement.

6. CHALLENGING CONFIDENTIALITY DESIGNATIONS

    6.1     Timing of Challenges. Any party or non-party may challenge a designation of confidentiality at any time. If a party disagrees with the "Confidential" designation of any document or information, the party will notify the producing party in a written letter and identify the challenged documents(s) with specificity, including bates-number(s) where available, and the specific grounds for the objection to the designation. Unless a prompt challenge to a designating party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

    6.2     Meet and Confer. The parties must make every attempt to resolve any dispute regarding confidential designations without Court involvement. Any motion regarding confidential designations or for a protective order must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference with other affected parties in an effort to resolve the dispute without Court action. The certification must list the date, manner, and participants to the conference. A good faith effort to confer requires a face-to-face meeting or a telephone conference.

    6.3     Judicial Intervention. If the parties cannot resolve a challenge without Court intervention, the designating party may file and serve a motion to retain confidentiality under Local Civil Rule 7 (and in compliance with Local Civil Rule 5(g), if applicable). The burden of persuasion in any such motion shall be on the designating party. Frivolous challenges, and those made for an improper purpose (*e.g.,* to harass or impose unnecessary expenses and burdens on

ORDER GRANTING DEFENDANT FORD MOTOR COMPANY'S MOTION FOR PROTECTIVE ORDER REGARDING THE HANDLING OF CONFIDENTIAL DOCUMENTS (Case No.: 3:19-cv-05886-TMC) - 9

STOKES LAWRENCE, P.S.
1420 FIFTH AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-2393
(206) 626-6000

other parties) may expose the challenging party to sanctions. All parties shall continue to maintain the material in question as confidential until the Court rules on the challenge.

7. **PROTECTED CONFIDENTIAL MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "Confidential," that party must:

(a) promptly notify the designating party in writing and include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this agreement. Such notification shall include a copy of this agreement;

(c) cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose confidential material may be affected; and

(d) withhold the production of any information or items designated in this action as "Confidential" until after: (1) the designating party has a reasonable opportunity to seek the entry of a protective order under Civil Rule 26© (such "reasonable opportunity" to be not less than 21 days); and/or (2) the Court enters an order denying the producing party's request for a protective order under this paragraph or otherwise orders that such documents may be produced.

8. **A NON-PARTY'S CONFIDENTIAL MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

The terms of this Order are appliable to information produced by a non-party in this action and designated as "Confidential." Such information produced by non-parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a non-party from seeking additional protections.

ORDER GRANTING DEFENDANT FORD MOTOR COMPANY'S MOTION FOR PROTECTIVE ORDER REGARDING THE HANDLING OF CONFIDENTIAL DOCUMENTS (Case No.: 3:19-cv-05886-TMC) - 10

STOKES LAWRENCE, P.S.
1420 FIFTH AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-2393
(206) 626-6000

In the event that a party is required, by a valid discovery request, to produce a nonparty's confidential information in its possession, and the party is subject to an agreement with the non-party not to produce the non-party's confidential information, then the party will promptly notify the requesting party, in writing, that documents are being withheld on that basis and the parties will engage in a meet and confer regarding the issue.

9. <u>UNAUTHORIZED DISCLOSURE OF CONFIDENTIAL MATERIAL</u>

If a receiving party learns that, by inadvertence or otherwise, it has disclosed confidential material to any person or in any circumstance not authorized under this agreement, the receiving party must immediately (a) notify in writing the designating party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the confidential material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this agreement, and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

10. <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE CONFIDENTIAL MATERIAL</u>

When a producing party gives notice to receiving parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order or agreement that provides for production without prior privilege review. The parties agree to the entry of a non-waiver order under Fed. R. Evid. 502(d) as set forth herein.

ORDER GRANTING DEFENDANT FORD MOTOR COMPANY'S MOTION FOR PROTECTIVE ORDER REGARDING THE HANDLING OF CONFIDENTIAL DOCUMENTS (Case No.: 3:19-cv-05886-TMC) - 11

**STOKES LAWRENCE, P.S.**
1420 FIFTH AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-2393
(206) 626-6000

11. <u>SUBMISSION TO REGULATORY AGENCIES OR GOVERNMENTAL ENTITY</u>

(a) This Stipulated Protective Order shall not be construed to prohibit Ford's disclosure or production of safety-related information to a regulatory agency or governmental entity with an interest in the safety-related information. Material subject to this Order may only be disclosed to a regulatory agency or governmental entity with an interest in the safety-related information by Ford, and such disclosure shall be made pursuant to 49 CFR 512 or similar applicable rules.

(b) If other parties to this Order have a reasonable belief that certain documents are safety-related and need to be disclosed to a regulatory agency or governmental entity, they are not prohibited from advising the regulatory agency or governmental entity that they believe such documents were produced in this case, however, any disclosure of such documents shall adhere to the procedure described in Paragraph 22(a).

12. <u>NON TERMINATION AND RETURN OF DOCUMENTS</u>

Within 60 days after the termination of this action, including all appeals, each receiving party must return all confidential material to the producing party, including all copies, extracts and summaries thereof. Alternatively, the parties may agree upon appropriate methods of destruction.

Notwithstanding this provision, counsel are entitled to retain one archival copy of all documents filed with the Court trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain confidential material.

The confidentiality obligations imposed by this agreement shall remain in effect until a designating party agrees otherwise in writing or a court orders otherwise.

ORDER GRANTING DEFENDANT FORD MOTOR COMPANY'S MOTION FOR PROTECTIVE ORDER REGARDING THE HANDLING OF CONFIDENTIAL DOCUMENTS (Case No.: 3:19-cv-05886-TMC) - 12

STOKES LAWRENCE, P.S.
1420 FIFTH AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-2393
(206) 626-6000

IT IS FURTHER ORDERED that pursuant to Fed. R. Evid. 502(d), the production of any documents, electronically stored information (ESI) or information, whether inadvertent or otherwise, in this proceeding shall not, for the purposes of this proceeding or any other federal or state proceeding, constitute a waiver by the producing party of any privilege applicable to those documents, including the attorney-client privilege, attorney work-product protection, or any other privilege or protection recognized by law. This Order shall be interpreted to provide the maximum protection allowed by Fed. R. Evid. 502(d).  The provisions of Fed. R. Evid. 502(b) do not apply.  Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production. Information produced in discovery that is protected as privileged or work product shall be immediately returned to the producing party.

Dated this 2nd day of January, 2024.

_____
Tiffany M. Cartwright
United States District Court Judge

ORDER GRANTING DEFENDANT FORD MOTOR COMPANY'S MOTION FOR PROTECTIVE ORDER REGARDING THE HANDLING OF CONFIDENTIAL DOCUMENTS (Case No.: 3:19-cv-05886-TMC)  - 13

STOKES LAWRENCE, P.S.
1420 FIFTH AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-2393
(206) 626-6000

Presented by:

STOKES LAWRENCE, P.S.

By: */s/ John T. Fetters*
Caryn Geraghty Jorgensen (WSBA #27514)
John T. Fetters (WSBA #40800)
Brett MacIntyre (WSBA #46572)
1420 Fifth Avenue, Suite 3000
Seattle, WA  98101
Telephone: 206-626-6000
Fax: 206-464-1496
E-mail: caryn.jorgensen@stokeslaw.com
E-mail: john.fetters@stokeslaw.com
E-mail: brett.macintyre@stokeslaw.com

Patrick X. Fowler
Craig A. Logsdon
Snell & Wilmer
One Arizona Center
400 East Van Buren Street, Suite 1900
Phoenix, AZ  85004
Telephone: 602-382-6000
E-mail: pfowler@swlaw.com
E-mail: clogsdon@swlaw.com

Attorneys for Defendant Ford Motor Company

ORDER GRANTING DEFENDANT FORD MOTOR COMPANY'S MOTION FOR PROTECTIVE ORDER REGARDING THE HANDLING OF CONFIDENTIAL DOCUMENTS (Case No.: 3:19-cv-05886-TMC)  - 14

STOKES LAWRENCE, P.S.
1420 FIFTH AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-2393
(206) 626-6000

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Western District of Washington on _____ in the case of *Randall Cashatt, et al. v. Ford Motor Company*, No. 3:19-cv-05886-TMC. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Western District of Washington for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date:_____

City and State where sworn and signed:_____

Printed name:_____

Signature: _____

ORDER GRANTING DEFENDANT FORD MOTOR COMPANY'S MOTION FOR PROTECTIVE ORDER REGARDING THE HANDLING OF CONFIDENTIAL DOCUMENTS (Case No.: 3:19-cv-05886-TMC) - 15

STOKES LAWRENCE, P.S.
1420 FIFTH AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-2393
(206) 626-6000