UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RANDALL CASHATT; BRANDON KENDALL; DAVID HODEL; CHAD PRENTICE; BETH JOSWICK; JEFFREY HEATH,<br><br>Plaintiffs,<br><br>v.<br><br>FORD MOTOR COMPANY,<br><br>Defendant. | Case No. 3:19-cv-05886-TMC<br><br>ORDER GRANTING MOTION FOR SANCTIONS |

## I. ORDER

This matter came before this Court on Defendant Ford Motor Company's Motion to Show Cause for Violation of June 5, 2024 Order ("June 5 Order"), Dkt. 132. The Court has reviewed and considered the files and pleadings in this case, including the following:

1. Defendant Ford Motor Company's Motion to Show Cause for Violation of June 5, 2024 Order, Dkt. 134;

2. Declaration of John Fetters in Support of Defendant Ford Motor Company's Motion to Show Cause for Violation of June 5, 2024 Order, and the attached

ORDER GRANTING MOTION FOR SANCTIONS - 1

exhibits, Dkt. 135;

3. Defendant Ford Motor Company's Reply in Support of its Motion to Show Cause for Violation of June 5, 2024 Order, Dkt. 143; and

4. Oral argument by defense counsel.

ACCORDINGLY, the Court hereby FINDS and ORDERS as follows:

5. This case was transferred to the undersigned district judge on August 30, 2023. The undersigned's first interaction with the case was Ford's motion to compel. Dkt. 97. Plaintiffs did not contest the motion, and the Court granted it. Dkt. 100.

6. In reviewing the underlying record while considering the motion to compel, it became apparent to the Court that this case needed intensive management. Despite the case having been filed in 2019, not a single deposition had occurred, and there were outstanding discovery requests that had gone unanswered for over a year.

7. On its own initiative, the Court ordered a status conference, Dkt. 102, at which Plaintiffs' counsel initially failed to appear until being contacted by the courtroom deputy. This would prove to be a continuing pattern—the courtroom deputy has repeatedly had to follow up with Plaintiffs' counsel by phone or email to secure her appearance at court-ordered status conferences and hearings, which should not be among the many important responsibilities shouldered by court staff.

8. At the status conference, after hearing from counsel, the Court reset the trial date and informed the parties that it would conduct regular status conferences via Zoom to ensure the case finally made progress toward a resolution on the merits. There is no other case on the Court's docket that has yet required such an intervention.

9. Although this approach has had some success, leading to additional written

ORDER GRANTING MOTION FOR SANCTIONS - 2

discovery, depositions, and the scheduling of medical exams and vehicle inspections, a continued sticking point has been the complete production by Plaintiffs of relevant medical, educational, unemployment, and workers' compensation records. Ford has sought these records—by requesting signed authorizations for their release—for over two years, first requesting them in June 2022. *See* Dkt. 97. And although Plaintiffs have provided some additional authorizations since the Court granted Ford's motion to compel in November 2023, Dkt. 100, they have never been complete, despite Plaintiffs' counsel repeatedly representing to the Court at the regular status conferences that she would do so.

10. Finally, at the status conference on May 24, 2024, the Court directed the parties to confer on the authorizations that remained outstanding and directed Ford to submit a proposed order listing those items, so that it would be clear exactly what the Court was ordering Plaintiffs to provide. Ford's proposed order was filed on May 31, 2024 and entered by the Court on June 5, containing the parties' agreed deadline of June 7, 2024. Dkt. 131, 132. The Court also ordered Plaintiffs' counsel to provide a copy of the order to her clients and to submit a certification that she had done so. Dkt. 132.

11. This Court has now three times ordered Plaintiffs to "cure [the] deficiencies in [their] authorizations": first, in November 2023, when it directed Plaintiffs to respond to Ford's RFP No. 8, Dkt. 100 at 2; and then during the April 19 Status Conference, Dkt. 135 (Fetters Decl. Ex. E) (April 19, 2024 Conference Transcript) at 21:14–22:5), and then again when it issued the June 5 Order. Dkt. 132 at 1–4. Plaintiffs have failed to comply on each occasion.

12. On June 17, Ford moved for sanctions for Plaintiffs' failure to comply. Dkt. 134.

ORDER GRANTING MOTION FOR SANCTIONS - 3

The Court set a hearing for July 10, 2024, and in the hearing notice stated that "Plaintiffs' response to the motion for sanctions must show cause for why sanctions should not be imposed under Federal Rule of Civil Procedure 37(b)(2). The Court intends to decide at the hearing whether to impose sanctions, and if so in what amount. Plaintiffs' counsel is directed to notify her clients of the time and date of the hearing." Dkt. 137.

13. Plaintiffs' counsel did not file a response and neither she nor any of her clients appeared at the July 10 hearing, despite attempts by the courtroom deputy to reach plaintiffs' counsel by phone and email at the scheduled time for the hearing to begin. Under this District's local civil rules, "Except for motions for summary judgment, if a party fails to file papers in opposition to a motion, such failure may be considered by the court as an admission that the motion has merit." Local Civil Rule 7(b)(2).

14. The Federal Rules equip this Court with a broad array of sanctions to punish and deter misconduct. *See* Fed. R. Civ. P. 37(a)(2)(B). When a party fails to "obey an order to provide or permit discovery," this Court may impose sanctions including "prohibiting the disobedient party from supporting or opposing designated claims or defenses," "striking pleadings in whole or in part," or "dismissing the action or proceeding in whole or in part." Fed. R. Civ. P. 37(b)(2)(A). Plaintiffs bear the burden of showing why their failures were "substantially justified" or why sanctions would be "unjust." *See* Fed. R. Civ. P. 27(b)(2)(C); *Falstaff Brewing Corp. v. Miller Brewing Co.*, 702 F.2d 770, 784 (9th Cir. 1983); *Cummings v. NewRez LLC*, No. 3:23-CV-05590-TMC, 2024 WL 1676682, at *2 (W.D. Wash. Apr. 18, 2024) (imposing sanctions after hearing where party failed to "explain[]

ORDER GRANTING MOTION FOR SANCTIONS - 4

why her continued failure to respond was 'substantially justified' or why sanctions would b[e] otherwise 'unjust'").

15. The records sought by Ford are crucial to its defense: Ford cannot finish Plaintiffs' depositions without complete records, and likewise, its experts are not able to complete their Rule 26 reports without the missing records. And in cases such as this, where liability depends on "[Plaintiffs'] account of the facts surrounding [their unwitnessed] injuries," depositions represent the most "important and fundamental tool[s] of litigation." *Walters v. Icicle Seafoods, Inc.*, No. C03-545JLR, 2005 WL 8172661, at *2 (W.D. Wash. Mar. 10, 2005).

16. Beyond this, injury/medical causation are crucial issues in this lawsuit, and Ford's ability to prepare itself for trial is unfairly prejudiced without Plaintiffs' full medical records. These records, and others such as Plaintiffs' Labor and Industries records, employment and educational records, could contain evidence in support of Ford's defenses, such as alternative causes of Plaintiffs' alleged medical ailments. Thus, simply precluding Plaintiffs from introducing or relying on the records as a remedy would likely be unfairly prejudicial to Ford.

17. Rule 37's twin aims are "to penalize those whose conduct may be deemed to warrant such a sanction, [and] to deter those who might be tempted to such conduct in the absence of such a deterrent." *E.E.O.C. v. Fry's Elecs., Inc.*, 287 F.R.D. 655, 658 (W.D. Wash. 2012). Sanctions should encompass not only the expenses incurred, but also "the sanctioned party's degree of fault and the other party's prejudice." *See Knickerbocker v. Corinthian Colleges*, 298 F.R.D. 670, 681 (W.D. Wash. 2014); *Fry's Elecs., Inc.*, 287 F.R.D. at 660 (where defendant refused to cooperate in discovery and withheld material documents, awarding monetary

ORDER GRANTING MOTION FOR SANCTIONS - 5

penalty of $100,000 "to offset the excess costs caused by defendant's discovery violations, to punish unacceptable behavior, and as a deterrent to future bad conduct").

18. The Court hereby finds that Plaintiffs have violated this Court's Orders requiring that Plaintiffs provide Ford with full and accurate authorizations for the release of records held by third parties, and that Plaintiffs have failed to proffer acceptable justification for such violation. Plaintiffs have also failed to show cause why sanctions should not be imposed upon them as requested by Ford. *See* Dkt. 137.

19. Ford has indicated that it would be unduly difficult and time consuming (and incur additional fees) to analyze months of invoices to isolate and itemize fees associated with Plaintiffs' deficient authorizations (as opposed to dealing with other, intertwined issues).

20. Instead, Ford has proposed that sanctions under Federal Rule of Civil Procedure 37(b)(2)(C) be imposed against Plaintiffs and their counsel, jointly and severally, in the flat amount of $2,000 per Plaintiff. The Court finds that this amount is reasonable because, given the time expended due to the Plaintiffs' failure to comply with the Court's orders since the November 2023 order grating the motion to compel, this amount (totaling $12,000) is undoubtedly less than Ford's actual attorney's fees and expenses incurred. These sanctions shall be paid to Ford Motor Company within 14 calendar days of the date of this Order, with payment instructions/details to be coordinated by counsel for the parties.

21. In addition, Plaintiffs are under an ongoing Order to comply with the Court's June 5 Order. Therefore, within 7 calendar days of this Order, Plaintiffs shall serve authorizations on Ford that fully satisfy the June 5 Order.

ORDER GRANTING MOTION FOR SANCTIONS - 6

22. Within 3 calendar days of this Order, Plaintiffs' counsel shall provide a copy of this Order to each Plaintiff, and Plaintiffs' Counsel shall file a certification that this has been accomplished.

23. The failure to comply with this Order, or any other Order, may subject Plaintiffs and their counsel to further sanctions by the Court, including, but not limited to, case-terminating sanctions.

Dated this 10th day of July, 2024.

Tiffany M. Cartwright
United States District Judge

ORDER GRANTING MOTION FOR SANCTIONS - 7